**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**Civil Action No. 1:20-cv-00087-CCE-JEP**

| | | |
|---|---|---|
| **JASON WEI LOCASALE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **DEFENDANTS' ANSWER TO** |
| | ) | **PLAINTIFF'S AMENDED** |
| **DUKE UNIVERSITY and DONALD** | ) | **COMPLAINT** |
| **PATRICK MCDONNELL, in his** | ) | |
| **individual and official capacity** | ) | |
| | ) | |
| **Defendants.** | ) | |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Duke University (hereinafter "Duke") and Dr. Donald P. McDonnell ("McDonnell") (together, Duke and McDonnell are referred to herein as "Defendants"), by and through the undersigned counsel, respond to the allegations contained in Plaintiff's Amended Complaint (DE-17), as limited by the Court's Order dated September 8, 2020 (DE-33). as follows:

<u>**THE PARTIES**</u>

1. The allegations contained in paragraph 1 of Plaintiff's Amended Complaint are admitted, upon information and belief.

2. Defendants admit that Plaintiff has self-identified as Asian and White. Except as expressly admitted herein, the allegations contained in paragraph 2 of Plaintiff's Amended Complaint are denied.

3. The allegations contained in paragraph 3 of Plaintiff's Amended Complaint

are admitted.

4. The allegations contained in paragraph 4 of Plaintiff's Amended Complaint are admitted, upon information and belief.

5. Defendants admit that Plaintiff is a scholar in the field of metabolism. Except as expressly admitted herein, the allegations contained in paragraph 5 of Plaintiff's Amended Complaint are denied.

6. Defendants admit that Plaintiff is a biomedical scientist in the field of cancer metabolism. Except as expressly admitted herein, the allegations contained in paragraph 6 of Plaintiff's Amended Complaint are denied.

7. Duke admit that it is a non-profit corporation existing under the laws of North Carolina, operates Duke University School of Medicine in Durham, North Carolina, and employs more than 500 employees, including Plaintiff. Except as expressly admitted herein, the allegations contained in paragraph 7 of Plaintiff's Amended Complaint present legal conclusions to which no response is required. To the extent that a response is required, the same are denied.

8. Defendants admit that McDonnell previously served as Chair of Duke's Department of Pharmacology and Cancer Biology and previously served as Plaintiff's supervisor. Except as expressly admitted herein, the allegations contained in paragraph 8 of Plaintiff's Amended Complaint are denied

9. Defendants admit that, consistent with his position, Plaintiff has appropriately participated in scholarly publications, public outreach, and speaking engagements and has obtained research grants. Except as expressly admitted herein, the

2

allegations contained in paragraph 9 of Plaintiff's Amended Complaint are denied.

10.     The allegations contained in paragraph 10 of Plaintiff's Amended Complaint are admitted.

11.     Defendants admit that Plaintiff has authored five papers since September 2018.  Except as expressly admitted herein, the allegations contained in paragraph 11 of Plaintiff's Amended Complaint are denied.

12.     Defendants admit that Plaintiff, along with other members of Duke's faculty, was recognized in November 2019 by Web of Science as being on the Global list of highly cited academics for multidisciplinary research.  Except as expressly admitted herein, the allegations contained in paragraph 12 of Plaintiff's Amended Complaint are denied.

13.     Defendants admit that Plaintiff was nominated for the Outstanding Postdoc Mentor at Duke University Award and received a Celebrating Mentors Recognition from the Duke Annual Fund.  Except as expressly admitted herein, the allegations contained in paragraph 13 of Plaintiff's Amended Complaint are denied.

14.     Defendants admit that Plaintiff has received generally positive performance reviews in the past.  Except as expressly admitted herein, the allegations contained in paragraph 14 of Plaintiff's Amended Complaint are denied.

15.     Defendants admit that Plaintiff has operated a research laboratory working with staff, undergraduate, and postgraduate students.  Defendants also admit the second, third, fourth, fifth, and sixth sentences contained in paragraph 15 of Plaintiff's Amended Complaint.  Except as expressly admitted herein, the allegations contained in paragraph 15 of Plaintiff's Amended Complaint are denied.

3

16.     Defendants admit that Plaintiff has secured certain funding for his laboratory. Except as expressly admitted herein, the allegations contained in paragraph 16 of Plaintiff's Amended Complaint are denied.

17.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

18.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

19.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

20.     The allegations contained in paragraph 20 of Plaintiff's Amended Complaint are denied.

21.     The allegations contained in paragraph 21 of Plaintiff's Amended Complaint are denied.

22.     It is admitted that Plaintiff informally raised concerns regarding bullying/harassment on one occasion.  Except as expressly admitted herein, the allegations contained in paragraph 22 of Plaintiff's Amended Complaint are denied.

23.     The allegations contained in paragraph 23 of Plaintiff's Amended Complaint are denied.

24.     Defendants admit that Plaintiff was previously employed at Cornell

University.  Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 24 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

25.     Defendants admit that the offer letter is in writing and speaks for itself. Except as expressly admitted herein, the allegations contained in paragraph 25 of Plaintiff's Amended Complaint are denied.

26.     Defendants admit that the Duke Faculty Handbook is in writing and speaks for itself.  Except as expressly admitted herein, the allegations contained in paragraph 26 of Plaintiff's Amended Complaint are denied.

27.     The allegations contained in paragraph 27 of Plaintiff's Amended Complaint are denied.

28.     The allegations contained in paragraph 28 of Plaintiff's Amended Complaint are denied.

29.     The allegations contained in paragraph 29 of Plaintiff's Amended Complaint are denied.

30.     The allegations contained in paragraph 30 of Plaintiff's Amended Complaint are denied.

31.     The allegations contained in paragraph 31 of Plaintiff's Amended Complaint are denied.

32.     The allegations contained in paragraph 32 of Plaintiff's Amended Complaint are admitted.

33.     The allegations contained in the first sentence of paragraph 33 of Plaintiff's

5

Amended Complaint are admitted. Defendants further admit that Plaintiff was hired to be a part of an initiative in cancer catabolism. Except as expressly admitted herein, the allegations contained in paragraph 33 of Plaintiff's Amended Complaint are denied.

34. Defendants admit that McDonnell previously served as Plaintiff's supervisor. Except as expressly admitted herein, the allegations contained in paragraph 34 of Plaintiff's Amended Complaint are denied.

35. The allegations contained in paragraph 35 of Plaintiff's Amended Complaint are denied.

36. The allegations contained in paragraph 36 of Plaintiff's Amended Complaint are denied.

37. The allegations contained in paragraph 37 of Plaintiff's Amended Complaint are denied.

38. The allegations contained in paragraph 38 of Plaintiff's Amended Complaint are denied.

39. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

40. The allegations contained in paragraph 40 of Plaintiff's Amended Complaint are denied.

41. Defendants admit that Duke conducted a cultural audit of Plaintiff's laboratory after multiple concerns arose surrounding Plaintiff. Except as expressly admitted herein, the allegations contained in paragraph 41 of Plaintiff's Amended

Complaint are denied.

42.     The allegations contained in paragraph 42 of Plaintiff's Amended Complaint are denied.

43.     The allegations contained in paragraph 43 of Plaintiff's Amended Complaint are denied.

44.     Defendants admit that Duke instituted a hiring freeze on Plaintiff's laboratory for the protection of its students, post-doctoral trainees, and staff.  Except as expressly admitted herein, the allegations contained in paragraph 44 of Plaintiff's Amended Complaint are denied.

45.     Defendants admit that Duke instituted a hiring freeze on Plaintiff's laboratory for the protection of its students, post-doctoral trainees, and staff.  Except as expressly admitted herein, the allegations contained in paragraph 45 of Plaintiff's Amended Complaint are denied.

46.     The allegations contained in paragraph 46 of Plaintiff's Amended Complaint are denied.

47.     The allegations contained in paragraph 47 of Plaintiff's Amended Complaint are denied.

48.     The allegations contained in paragraph 48 of Plaintiff's Amended Complaint are denied.

49.     The allegations contained in paragraph 49 of Plaintiff's Amended Complaint are denied.

50.     The allegations contained in paragraph 50 of Plaintiff's Amended Complaint

are denied.

51. Defendants admit that Plaintiff's staff member submitted documentation that did not accurately reflect the work that Plaintiff's laboratory had performed and that Ms. Dowell-Newton questioned the documentation. Except as expressly admitted herein, the allegations contained in paragraph 51 of Plaintiff's Amended Complaint are denied.

52. The allegations contained in paragraph 52 of Plaintiff's Amended Complaint are denied.

53. Defendants admit that the referenced email is in writing and speaks for itself, and deny the allegations contained in paragraph 53 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the email. Except as expressly admitted herein, the allegations contained in paragraph 53 of Plaintiff's Amended Complaint are denied.

54. The allegations contained in paragraph 54 of Plaintiff's Amended Complaint are denied.

55. The allegations contained in paragraph 55 of Plaintiff's Amended Complaint are admitted.

56. The allegations contained in paragraph 56 of Plaintiff's Amended Complaint are denied.

57. Defendants admit that the referenced letter is in writing and speaks for itself, and deny the allegations contained in paragraph 57 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the letter. Defendants further admit that after Plaintiff exhibited a pattern of concerning behavior, he was placed on paid leave pending completion of a fitness for duty evaluation. Except as expressly admitted herein, the

8

allegations contained in paragraph 57 of Plaintiff's Amended Complaint are denied.

58.     Defendants admit that the referenced email is in writing and speaks for itself, and deny the allegations contained in paragraph 58 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the email.  Except as expressly admitted herein, the allegations contained in paragraph 58 of Plaintiff's Amended Complaint are denied.

59.     Defendants admit that the referenced letter is in writing and speaks for itself, and deny the allegations contained in paragraph 59 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the letter.  Except as expressly admitted herein, the allegations contained in paragraph 59 of Plaintiff's Amended Complaint are denied.

60.     Defendants admit that Plaintiff was permitted to propose providers for his fitness for duty evaluation and Defendants approved a provider of Plaintiff's choice. Except as expressly admitted herein, the allegations contained in paragraph 60 of Plaintiff's Amended Complaint are denied.

61.     The allegations contained in paragraph 61 of Plaintiff's Amended Complaint are denied.

62.     Defendants admit that the referenced email is in writing and speaks for itself, and deny the allegations contained in paragraph 62 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the email.  Except as expressly admitted herein, the allegations contained in paragraph 62 of Plaintiff's Amended Complaint are denied.

63.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

64.     Defendants admit that Dr. Epling spoke with Plaintiff's proposed provider who was not a forensic psychiatrist and who agreed that the evaluation required the services of a forensic psychiatrist.  Except as expressly admitted herein, the allegations contained in paragraph 64 of Plaintiff's Amended Complaint are denied.

65.     Defendants admit that Dr. Epling spoke with Plaintiff's proposed provider who withdrew himself from consideration after hearing what was needed because he was not qualified. Except as expressly admitted herein, the allegations contained in paragraph 65 of Plaintiff's Amended Complaint are denied.

66.     Defendants admit that the referenced email is in writing and speaks for itself and deny the allegations contained in paragraph 66 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the email.  Except as expressly admitted herein, the allegations contained in paragraph 66 of Plaintiff's Amended Complaint are denied.

67.     The allegations of paragraph 67 of Plaintiff's Amended Complaint are admitted.

68.     Defendants admit that the referenced letter is in writing and speaks for itself and deny the allegations contained in paragraph 68 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the letter.  Except as expressly admitted herein, the allegations contained in paragraph 68 of Plaintiff's Amended Complaint are denied.

69.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

70.     Defendants admit that the correspondence between Dr. Epling and the

10

forensic psychiatrist that Plaintiff proposed is in writing and speaks for itself and deny the allegations contained in paragraph 70 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the correspondence. Except as expressly admitted herein, the allegations contained in paragraph 70 of Plaintiff's Amended Complaint are denied.

71. The allegations contained in paragraph 71 of Plaintiff's Amended Complaint are denied.

72. The allegations contained in paragraph 72 of Plaintiff's Amended Complaint are denied.

73. Defendants admit that the referenced email is in writing and speaks for itself and deny the allegations contained in paragraph 73 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the email. Except as expressly admitted herein, the allegations contained in paragraph 73 of Plaintiff's Amended Complaint are denied.

74. The allegations contained in paragraph 74 of Plaintiff's Amended Complaint are admitted, upon information and belief.

75. The allegations contained in paragraph 75 of Plaintiff's Amended Complaint are admitted, upon information and belief.

76. Defendants admit that Duke was legally required to inform certain funding sources of his leave status. Except as expressly admitted herein, the allegations contained in paragraph 76 of Plaintiff's Amended Complaint are denied.

77. The allegations contained in paragraph 77 of Plaintiff's Amended Complaint are denied.

78. Defendants admit that the referenced communication is in writing and speaks

11

for itself and deny the allegations contained in paragraph 78 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the communication. Except as expressly admitted herein, the allegations contained in paragraph 78 of Plaintiff's Amended Complaint are denied.

79.     The allegations contained in paragraph 79 of Plaintiff's Amended Complaint are denied.

80.     The allegations contained in paragraph 80 of Plaintiff's Amended Complaint are denied.

81.     Defendants admit that McDonnell remained Plaintiff's supervisor. Except as expressly admitted herein, the allegations contained in paragraph 81 of Plaintiff's Amended Complaint are denied.

82.     Defendants admit that the referenced agreement is in writing and speaks for itself and deny the allegations contained in paragraph 82 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the agreement. Except as expressly admitted herein, the allegations contained in paragraph 82 of Plaintiff's Amended Complaint are denied.

83.     Defendants admit that on March 2, Plaintiff was informed that if he did not return the signed agreement by noon on March 5· he would be transitioned to unpaid status. Except as expressly admitted herein, the allegations contained in paragraph 83 of Plaintiff's Amended Complaint are denied.

84.     The allegations contained in paragraph 84 of Plaintiff's Amended Complaint are admitted.

12

85.     The allegations contained in paragraph 80 of Plaintiff's Amended Complaint are admitted.

86.     Defendants admit that on March 4, 2020, Plaintiff sent a heavily edited version of the return to work agreement that significantly deviated from what was presented to him for signing on February 24.  Except as expressly admitted herein, the allegations contained in paragraph 86 of Plaintiff's Amended Complaint are denied.

87.     Defendants admit that the referenced statement is in writing and speaks for itself and deny the allegations contained in paragraph 87 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the statement.  Except as expressly admitted herein, the allegations contained in paragraph 87 of Plaintiff's Amended Complaint are denied.

88.     The allegations contained in paragraph 88 of Plaintiff's Amended Complaint are admitted.

89.     The allegations contained in paragraph 89 of Plaintiff's Amended Complaint are denied.

90.     Defendants admit that the referenced statement is in writing and speaks for itself and deny the allegations contained in paragraph 90 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the statement.  Except as expressly admitted herein, the allegations contained in paragraph 90 of Plaintiff's Amended Complaint are denied.

91.     The allegations contained in paragraph 91 of Plaintiff's Amended Complaint are admitted, upon information and belief.

92. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

93. The allegations contained in paragraph 93 of Plaintiff's Amended Complaint are admitted.

94. The allegations contained in paragraph 94 of Plaintiff's Amended Complaint are denied.

95. Defendants admit that the referenced statement is in writing and speaks for itself and deny the allegations contained in paragraph 95 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the statement. Except as expressly admitted herein, the allegations contained in paragraph 95 of Plaintiff's Amended Complaint are denied.

96. Defendants admit that the referenced agreement is in writing and speaks for itself and deny the allegations contained in paragraph 96 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the agreement. Except as expressly admitted herein, the allegations contained in paragraph 96 of Plaintiff's Amended Complaint are denied.

97. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

98. The allegations contained in paragraph 98 of Plaintiff's Amended Complaint are denied.

14

99. Defendants admit that Plaintiff is employed by Duke. Except as expressly admitted herein, the allegations contained in paragraph 99 of Plaintiff's Amended Complaint present legal conclusions to which no response is required. To the extent that a response is required, the same are denied.

100. Defendants admit that the referenced Faculty Handbook is in writing and speaks for itself and deny the allegations contained in paragraph 100 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the Faculty Handbook. Except as expressly admitted herein, the allegations contained in paragraph 100 of Plaintiff's Amended Complaint are denied.

101. The allegations contained in paragraph 101 of Plaintiff's Amended Complaint are denied.

102. Defendants admit that the referenced Faculty Handbook is in writing and speaks for itself and deny the allegations contained in paragraph 102 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the Faculty Handbook. Except as expressly admitted herein, the allegations contained in paragraph 102 of Plaintiff's Amended Complaint are denied.

103. The allegations contained in paragraph 103 of Plaintiff's Amended Complaint are denied.

104. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 104 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

105. The allegations contained in paragraph 105 of Plaintiff's Amended

Complaint are denied.

106. The allegations contained in paragraph 106 of Plaintiff's Amended Complaint are denied.

107. The allegations contained in paragraph 107 of Plaintiff's Amended Complaint are denied.

108. The allegations contained in paragraph 108 of Plaintiff's Amended Complaint are denied.

109. The allegations contained in paragraph 109 of Plaintiff's Amended Complaint are denied.

110. The allegations contained in paragraph 110 of Plaintiff's Amended Complaint are denied.

111. Defendants admit that the individuals listed in paragraph 111 of Plaintiff's Amended Complaint have been employed by Duke. Except as expressly admitted herein, the allegations contained in paragraph 111 of Plaintiff's Amended Complaint are denied.

112. The allegations contained in paragraph 112 of Plaintiff's Amended Complaint are denied.

113. The allegations contained in paragraph 113 of Plaintiff's Amended Complaint are denied.

114. Defendants admit that the referenced EEOC charge and Dismissal and Notice of Right to Sue are in writing and speaks for themselves and deny the allegations contained in paragraph 114 of Plaintiff's Amended Complaint to the extent that they are inconsistent with those documents. Except as expressly admitted herein, the allegations contained in

16

paragraph 114 of Plaintiff's Amended Complaint are denied.

115. The allegations contained in paragraph 115 of Plaintiff's Amended Complaint are denied.

116. The allegations contained in paragraph 116 of Plaintiff's Amended Complaint are conclusions and/or recitations of law to which no response is required. To the extent a response is required, it is admitted venue is proper in this Court. Except as expressly admitted herein, the allegations contained in paragraph 116 of Plaintiff's Amended Complaint are denied.

117. The allegations contained in paragraph 117 of Plaintiff's Amended Complaint are conclusions and/or recitations of law to which no response is required. To the extent a response is required, it is admitted that this Court has subject matter jurisdiction over Plaintiff's claims. Except as expressly admitted herein, the allegations contained in paragraph 117 of Plaintiff's Amended Complaint are denied.

118. Defendants admit that Plaintiff filed multiple charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that various Dismissals and Notice of Rights were issued, one of which is dated October 28, 2019. Except as expressly admitted herein, the allegations contained in paragraph 118 of Plaintiff's Amended Complaint are denied.

119. The allegations contained in paragraph 119 of Plaintiff's Amended Complaint are conclusions and/or recitations of law to which no response is required. To the extent a response is required, it is admitted that this Court has subject matter jurisdiction over Plaintiff's claims. Except as expressly admitted herein, the allegations contained in

17

paragraph 119 of Plaintiff's Amended Complaint are denied.

120. Defendants admit that Plaintiff filed multiple charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that various Dismissals and Notice of Rights were issued, one of which is dated February 21, 2020. Except as expressly admitted herein, the allegations contained in paragraph 120 of Plaintiff's Amended Complaint are denied.

121. The allegations contained in paragraph 121 of Plaintiff's Amended Complaint are conclusions and/or recitations of law to which no response is required. To the extent a response is required, it is admitted that this Court has subject matter jurisdiction over Plaintiff's claims. Except as expressly admitted herein, the allegations contained in paragraph 121 of Plaintiff's Amended Complaint are denied

122. The allegations contained in paragraph 122 of Plaintiff's Amended Complaint are conclusions and/or recitations of law to which no response is required. To the extent a response is required, it is admitted that venue is proper in this Court. Except as expressly admitted herein, the allegations contained in paragraph 122 of Plaintiff's Amended Complaint are denied.

123. It is admitted that Plaintiff filed seven charges of discrimination with the EEOC, Charge Nos. 433-2020-00200, 433-2020-00484, 433-2020-00798, 433-2020-01044, 433-2020-01108, 433-2020-01324, and 433-2020-02113. Except as expressly admitted herein, the allegations contained in paragraph 123 of Plaintiff's Amended Complaint are denied.

124. It is admitted that the EEOC issued multiple Dismissals and Notice of

18

Rights, one of which is dated October 28, 2019. Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 124 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

125.    It is admitted that the EEOC issued multiple Dismissals and Notice of Rights, one of which is dated February 21, 2020. Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 125 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

126.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 126 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

127.    The allegations contained in paragraph 127 of Plaintiff's Amended Complaint are denied.

128.    The allegations contained in paragraph 128 of Plaintiff's Amended Complaint, specifically including subparagraphs a through cc, are denied.

129.    Defendants incorporate by reference their Answers to paragraphs 1–128 of Plaintiff's Amended Complaint as if fully set forth herein.

130.    The allegations contained in paragraph 130 of Plaintiff's Amended Complaint are denied.

131.    The allegations contained in paragraph 131 of Plaintiff's Amended Complaint are denied.

132.    The allegations contained in paragraph 132 of Plaintiff's Amended Complaint are denied.

19

133.    The allegations contained in paragraph 133 of Plaintiff's Amended Complaint are denied.

134.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 134 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

135.    The allegations contained in paragraph 135 of Plaintiff's Amended Complaint are denied.

136.    Defendants incorporate by reference their Answers to paragraphs 1–135 of Plaintiff's Amended Complaint as if fully set forth herein.

137.    The allegations contained in paragraph 137 of Plaintiff's Amended Complaint are denied.

138.    The allegations contained in paragraph 138 of Plaintiff's Amended Complaint are denied.

139.    The allegations contained in paragraph 139 of Plaintiff's Amended Complaint are denied.

140.    The allegations contained in paragraph 140 of Plaintiff's Amended Complaint are denied.

141.    The allegations contained in paragraph 141 of Plaintiff's Amended Complaint are denied.

142.    Defendants incorporate by reference their Answers to paragraphs 1–141 of Plaintiff's Amended Complaint as if fully set forth herein.

143.    Defendants lack information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 143 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

144.    Defendants admit that Duke instituted a hiring freeze on Plaintiff's laboratory for the protection of students, post-doctoral trainees, and staff.  Except as expressly admitted herein, the allegations contained in paragraph 144 of Plaintiff's Amended Complaint are denied.

145.    The allegations contained in paragraph 145 of Plaintiff's Amended Complaint are denied.

146.    Defendants admit that the referenced email is in writing and speaks for itself, and deny the allegations contained in paragraph 146 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the email.  Except as expressly admitted herein, the allegations contained in paragraph 146 of Plaintiff's Amended Complaint are denied.

147.    Defendants admit that on or about September 11, 2019, Duke unilaterally withdrew the referenced NIH grant application.  Except as expressly admitted herein, the allegations contained in paragraph 147 of Plaintiff's Amended Complaint are denied

148.    Defendants incorporate by reference their Answers to paragraphs 1–147 of Plaintiff's Amended Complaint as if fully set forth herein.

149.    Defendants admit that the letter is in writing and speaks for itself and deny the allegations contained in paragraph 149 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the letter.  Defendants further admit that after Plaintiff exhibited a pattern of concerning behavior, Duke placed him on paid leave pending completion of a fitness for duty evaluation.  Except as expressly admitted herein, the

allegations contained in paragraph 149 of Plaintiff's Amended Complaint are denied.

150. The allegations contained in paragraph 150 of Plaintiff's Amended Complaint are denied.

151. The allegations contained in paragraph 151 of Plaintiff's Amended Complaint are denied.

152. The allegations contained in paragraph 152 of Plaintiff's Amended Complaint are denied.

153. The allegations contained in paragraph 153 of Plaintiff's Amended Complaint are denied.

154. The allegations contained in paragraph 154 of Plaintiff's Amended Complaint are denied.

155. Defendants incorporate by reference their Answers to paragraphs 1–154 of Plaintiff's Amended Complaint as if fully set forth herein.

156. The allegations contained in paragraph 156 of Plaintiff's Amended Complaint are denied.

157. Defendants admit that the referenced letter is in writing and speaks for itself and deny the allegations contained in paragraph 157 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the letter. Except as expressly admitted herein, the allegations contained in paragraph 157 of Plaintiff's Amended Complaint are denied.

158. Defendants admit that the referenced letter is in writing and speaks for itself and deny the allegations contained in paragraph 158 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the letter. Except as expressly admitted herein,

the allegations contained in paragraph 158 of Plaintiff's Amended Complaint are denied.

159.   Defendants admit that the referenced letters are in writing and speak for themselves and deny the allegations contained in paragraph 159 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the letters.  Except as expressly admitted herein, the allegations contained in paragraph 159 of Plaintiff's Amended Complaint are denied.

160.   Defendants admit that it permitted Plaintiff to propose providers for his fitness for duty evaluation and approved a provider of Plaintiff's choice.  Except as expressly admitted herein, the allegations contained in paragraph 160 of Plaintiff's Amended Complaint are denied.

161.   The allegations contained in paragraph 161 of Plaintiff's Amended Complaint are denied.

162.   Defendants admit that Plaintiff completed a fitness for duty examination. Except as expressly admitted herein, the allegations contained in paragraph 162 of Plaintiff's Amended Complaint are denied.

163.   Defendants admit that the referenced email is in writing and speaks for itself and deny the allegations contained in paragraph 163 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the email.  Except as expressly admitted herein, the allegations contained in paragraph 163 of Plaintiff's Amended Complaint are denied.

164.   The allegations contained in paragraph 164 of Plaintiff's Amended Complaint are admitted.

165.   Defendants admit that the referenced letter is in writing and speaks for itself

and deny the allegations contained in paragraph 165 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the letter. Except as expressly admitted herein, the allegations contained in paragraph 165 of Plaintiff's Amended Complaint are denied.

166. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 166 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

167. Defendants admit that the correspondence between Dr. Epling and the forensic psychiatrist that Plaintiff proposed is in writing and speaks for itself and deny the allegations contained in paragraph 167 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the correspondence. Except as expressly admitted herein, the allegations contained in paragraph 167 of Plaintiff's Amended Complaint are denied.

168. The allegations contained in paragraph 168 of Plaintiff's Amended Complaint are denied.

169. The allegations contained in paragraph 169 of Plaintiff's Amended Complaint are denied.

170. Defendants admit that the referenced email is in writing and speaks for itself and deny the allegations contained in paragraph 170 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the email. Except as expressly admitted herein, the allegations contained in paragraph 170 of Plaintiff's Amended Complaint are denied.

171. Defendants admit that Duke was legally required to inform certain funding sources of his leave status. Except as expressly admitted herein, the allegations contained in paragraph 171 of Plaintiff's Amended Complaint are denied.

24

172.   The allegations contained in paragraph 172 of Plaintiff's Amended Complaint are denied.

173.   Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 173 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

174.   Defendants admit that McDonnell remained Plaintiff's supervisor.  Except as expressly admitted herein, the allegations contained in paragraph 174 of Plaintiff's Amended Complaint are denied.

175.   Defendants admit that the referenced agreement is in writing and speaks for itself and deny the allegations contained in paragraph 175 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the agreement.  Except as expressly admitted herein, the allegations contained in paragraph 175 of Plaintiff's Amended Complaint are denied.

176.   The allegations contained in paragraph 176 of Plaintiff's Amended Complaint are admitted.

177.   Defendants admit that on March 4, 2020, Plaintiff sent a heavily edited version of the return to work agreement that significantly deviated from what was presented to him for signing on February 24.  Except as expressly admitted herein, the allegations contained in paragraph 177 of Plaintiff's Amended Complaint are denied.

178.   Defendants admit that the referenced statement is in writing and speaks for itself and deny the allegations contained in paragraph 178 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the statement.  Except as expressly

25

admitted herein, the allegations contained in paragraph 178 of Plaintiff's Amended Complaint are denied.

179. The allegations contained in paragraph 179 of Plaintiff's Amended Complaint are admitted.

180. Defendants admit that the referenced statement is in writing and speaks for itself and deny the allegations contained in paragraph 180 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the statement. Except as expressly admitted herein, the allegations contained in paragraph 180 of Plaintiff's Amended Complaint are denied.

181. Defendants admit that the referenced agreement is in writing and speaks for itself and deny the allegations contained in paragraph 181 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the agreement. Except as expressly admitted herein, the allegations contained in paragraph 181 of Plaintiff's Amended Complaint are denied.

182. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 182 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

183. Defendants incorporate by reference their Answers to paragraphs 1–182 of Plaintiff's Amended Complaint as if fully set forth herein.

184. The allegations contained in paragraph 184 of Plaintiff's Amended Complaint are denied.

185. The allegations contained in paragraph 185 of Plaintiff's Amended

Complaint are denied.

186.    Defendants admit that the Faculty Handbook is in writing and speaks for itself and deny the allegations contained in paragraph 186 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the Faculty Handbook.  Except as expressly admitted herein, the allegations contained in paragraph 186 of Plaintiff's Amended Complaint are denied.

187.    The allegations contained in paragraph 187 of Plaintiff's Amended Complaint are denied.

188.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 188 of Plaintiff's Amended Complaint. Consequently, those allegations are denied.

189.    Defendants admit that the referenced letter is in writing and speaks for itself and deny the allegations contained in paragraph 189 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the letter.  Except as expressly admitted herein, the allegations contained in paragraph 189 of Plaintiff's Amended Complaint are denied.

190.    The allegations contained in paragraph 190 of Plaintiff's Amended Complaint are denied.

191.    The allegations contained in paragraph 191 of Plaintiff's Amended Complaint are denied.

192.    The allegations contained in paragraph 192 of Plaintiff's Amended Complaint are denied.

193.    Defendants admit that the referenced email is in writing and speaks for itself

27

and deny the allegations contained in paragraph 193 of Plaintiff's Amended Complaint to the extent that they are inconsistent with the email. Except as expressly admitted herein, the allegations contained in paragraph 193 of Plaintiff's Amended Complaint are denied.

194. The allegations contained in paragraph 194 of Plaintiff's Amended Complaint are denied.

195. The allegations contained in paragraph 195 of Plaintiff's Amended Complaint are denied.

196. The allegations contained in paragraph 196 of Plaintiff's Amended Complaint are denied.

197. The allegations contained in paragraph 197 of Plaintiff's Amended Complaint are denied.

198. The allegations contained in paragraph 198 of Plaintiff's Amended Complaint are denied.

199. The allegations contained in paragraph 199 of Plaintiff's Amended Complaint are denied.

200. The allegations contained in paragraph 200 of Plaintiff's Amended Complaint are denied.

201. The allegations contained in paragraph 201 of Plaintiff's Amended Complaint are denied.

202. The allegations contained in paragraph 202 of Plaintiff's Amended Complaint are denied.

203. The allegations contained in paragraph 203 of Plaintiff's Amended

Complaint are denied.

204.     The allegations contained in paragraph 204 of the Amended Complaint are denied.

205.     Defendants incorporate by reference their Answers to paragraphs 1–204 of Plaintiff's Amended Complaint as if fully set forth herein.

206.     The allegations contained in paragraph 206 of Plaintiff's Amended Complaint are denied.

207.     The allegations contained in paragraph 207 of Plaintiff's Amended Complaint are denied.

208.     The allegations contained in paragraph 208 of Plaintiff's Amended Complaint are denied.

209.     The allegations contained in paragraph 209 of Plaintiff's Amended Complaint are denied.

210.     The allegations contained in paragraph 210 of Plaintiff's Amended Complaint are denied.

### FIRST CLAIM FOR RELIEF[1]
### (Alleged Racial, Color and/or National Original Discrimination Under Title VII)

211.     Defendants incorporate by reference their Answers to paragraphs 1–210 of Plaintiff's Amended Complaint as if fully set forth herein.

212.     The allegations contained in paragraph 212 of Plaintiff's Amended

---

[1] Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, McDonnell is not required to respond to the allegations relating to this cause of action, which was dismissed as to him.

Complaint are denied.

213.    The allegations contained in paragraph 213 of Plaintiff's Amended Complaint are denied.

214.    The allegations contained in paragraph 214 of Plaintiff's Amended Complaint are denied.

215.    The allegations contained in paragraph 215 of Plaintiff's Amended Complaint are denied.

216.    The allegations contained in paragraph 216 of Plaintiff's Amended Complaint are denied.

217.    The allegations contained in paragraph 217 of Plaintiff's Amended Complaint are denied.

218.    The allegations contained in paragraph 218 of Plaintiff's Amended Complaint are denied.

219.    The allegations contained in paragraph 219 of Plaintiff's Amended Complaint are denied.

## SECOND CLAIM FOR RELIEF[2]
### (Alleged Title VII Retaliation)

220.    Defendants incorporate by reference their Answers to paragraphs 1–219 of Plaintiff's Amended Complaint as if fully set forth herein.

221.    It is admitted that Plaintiff informally raised concerns regarding

---

[2] Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, McDonnell is not required to respond to the allegations relating to this cause of action, which was dismissed as to him.

bullying/harassment on one occasion. Except as expressly admitted herein, the allegations contained in paragraph 221 of Plaintiff's Amended Complaint are denied.

222. It is admitted that Plaintiff filed seven charges of discrimination against Defendant Duke with the EEOC based on various protected characteristics. Except as expressly admitted herein, the allegations contained in paragraph 222 of Plaintiff's Amended Complaint are denied.

223. The allegations contained in paragraph 223 of Plaintiff's Amended Complaint are denied.

224. The allegations contained in paragraph 224 of Plaintiff's Amended Complaint are denied.

225. The allegations contained in paragraph 225 of Plaintiff's Amended Complaint are denied.

226. The allegations contained in paragraph 226 of Plaintiff's Amended Complaint are denied.

227. The allegations contained in paragraph 227 of Plaintiff's Amended Complaint are denied.

228. The allegations contained in paragraph 228 of Plaintiff's Amended Complaint are denied.

229. The allegations contained in paragraph 229 of Plaintiff's Amended Complaint are denied.

230. The allegations contained in paragraph 230 of Plaintiff's Amended Complaint are denied.

231.     The allegations contained in paragraph 231 of Plaintiff's Amended Complaint are denied.

## THIRD CLAIM FOR RELIEF
### (Alleged Section 1981 Violation)

232.     Defendants incorporate by reference their Answers to paragraphs 1–231 of Plaintiff's Complaint as if fully set forth herein.

233.     The allegations contained in paragraph 233 of Plaintiff's Amended Complaint are denied.

234.     The allegations contained in paragraph 234 of Plaintiff's Amended Complaint are denied.

235.     The allegations contained in paragraph 235 of Plaintiff's Amended Complaint are denied.

236.     The allegations contained in paragraph 236 of Plaintiff's Amended Complaint are denied.

237.     The allegations contained in paragraph 237 of Plaintiff's Amended Complaint are denied.

238.     The allegations contained in paragraph 238 of Plaintiff's Amended Complaint are denied.

239.     The allegations contained in paragraph 239 of Plaintiff's Amended Complaint are denied.

## FOURTH CLAIM FOR RELIEF[3]

---

[3] Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, McDonnell is not required to respond to the allegations relating to this cause of action, which was dismissed as to him.

**(Alleged Breach of Contract)**

240.     Defendants incorporates by reference their Answers to paragraphs 1–239 of Plaintiff's Complaint as if fully set forth herein.

241.     The allegations contained in paragraph 241 of Plaintiff's Amended Complaint are denied.

242.     The allegations contained in paragraph 242 of Plaintiff's Amended Complaint are denied.

243.     The allegations contained in paragraph 243 of Plaintiff's Amended Complaint are denied.

244.     The allegations contained in paragraph 244 of Plaintiff's Amended Complaint are denied.

245.     The allegations contained in paragraph 245 of Plaintiff's Amended Complaint are denied.

246.     The allegations contained in paragraph 246 of Plaintiff's Amended Complaint are denied.

247.     The allegations contained in paragraph 247 of Plaintiff's Amended Complaint are denied.

248.     The allegations contained in paragraph 248 of Plaintiff's Amended Complaint are denied.

249.     The allegations contained in paragraph 249 of Plaintiff's Amended Complaint are denied.

250.     The allegations contained in paragraph 250 of Plaintiff's Amended

Complaint are denied.

251.    The allegations contained in paragraph 251 of Plaintiff's Amended Complaint are denied.

## FIFTH CLAIM FOR RELIEF
### (Alleged Fraud)

252.    Defendants incorporate by reference their Answers to paragraphs 1–251 of Plaintiff's Complaint as if fully set forth herein.

253.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

254.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

255.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

256.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

257.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

258. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

259. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

260. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

261. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

262. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

263. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

264. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

265. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in

part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

## SIXTH CLAIM FOR RELIEF
### (Alleged Fraud in the Inducement)

266.    Defendants incorporate by reference their Answers to paragraphs 1–265 of Plaintiff's Complaint as if fully set forth herein.

267.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

268.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

269.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

270.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

271.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

272.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in

part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

273. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

274. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

275. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

276. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

277. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

278. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

279. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the

allegations relating to this cause of action, which has been dismissed.

280.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

281.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

282.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

283.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

284.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

285.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

286.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

## SEVENTH CLAIM FOR RELIEF
### (Alleged Constructive Fraud)

287.     Defendants incorporate by reference their Answers to paragraphs 1–286 of Plaintiff's Complaint as if fully set forth herein.

288.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

289.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

290.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

291.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

292.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

293.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

294.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

295.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

296.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

297.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

## EIGHTH CLAIM FOR RELIEF
### (Alleged Breach of Implied Covenant of Good Faith and Fair Dealing)

298.    Defendants incorporate by reference their Answers to paragraphs 1–302 of Plaintiff's Complaint as if fully set forth herein.

299.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

300.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

40

301. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

302. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

## NINTH CLAIM FOR RELIEF
### (Alleged Negligent Misrepresentation)

303. Defendants incorporate by reference their Answers to paragraphs 1–303 of Plaintiff's Complaint as if fully set forth herein.

304. The allegations contained in paragraph 304 of Plaintiff's Amended Complaint are denied.

305. The allegations contained in paragraph 305 of Plaintiff's Amended Complaint are denied.

306. The allegations contained in paragraph 306 of Plaintiff's Amended Complaint are denied.

307. The allegations contained in paragraph 307 of Plaintiff's Amended Complaint are denied.

308. The allegations contained in paragraph 308 of Plaintiff's Amended Complaint are denied.

309. The allegations contained in paragraph 309 of Plaintiff's Amended Complaint are denied.

310. The allegations contained in paragraph 310 of Plaintiff's Amended Complaint are denied.

311. The allegations contained in paragraph 311 of Plaintiff's Amended Complaint are denied.

312. The allegations contained in paragraph 312 of Plaintiff's Amended Complaint are denied.

313. The allegations contained in paragraph 313 of Plaintiff's Amended Complaint are denied.

314. The allegations contained in paragraph 314 of Plaintiff's Amended Complaint are denied.

315. The allegations contained in paragraph 315 of Plaintiff's Amended Complaint are denied.

316. The allegations contained in paragraph 316 of Plaintiff's Amended Complaint are denied.

## TENTH CLAIM FOR RELIEF
### (Alleged Unjust Enrichment)

317. Defendants incorporate by reference their Answers to paragraphs 1–316 of Plaintiff's Amended Complaint as if fully set forth herein.

318. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

319. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in

part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

320.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

321.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

322.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

323.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

324.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

## ELEVENTH CLAIM FOR RELIEF
### (Alleged Unjust Enrichment)

325.     Defendants incorporate by reference their Answers to paragraphs 1–324 of Plaintiff's Amended Complaint as if fully set forth herein.

326.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in

part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

327.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

328.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

**TWELFTH CLAIM FOR RELIEF[4]**
**(Alleged Discrimination and Retaliation in Violation of the ADA and ADAAA)**

329.     Defendants incorporate by reference their Answers to paragraphs 1–328 of Plaintiff's Amended Complaint as if fully set forth herein.

330.    The allegations contained in paragraph 330 of Plaintiff's Amended Complaint present legal conclusions to which no response is required.  To the extent that a response is required, the same are denied.

331.    The allegations contained in paragraph 331 of Plaintiff's Amended Complaint are denied.

332.    The allegations contained in paragraph 332 of Plaintiff's Amended Complaint are denied.

333.    The allegations contained in paragraph 333 of Plaintiff's Amended

---

[4] Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, McDonnell is not required to respond to the allegations relating to this cause of action, which was dismissed as to him.

Complaint are denied.

334.    The allegations contained in paragraph 334 of Plaintiff's Amended Complaint are denied.

335.    The allegations contained in paragraph 335 of Plaintiff's Amended Complaint are denied.

336.    The allegations contained in paragraph 336 of Plaintiff's Amended Complaint are denied.

337.    The allegations contained in paragraph 337 of Plaintiff's Amended Complaint are denied.

338.    The allegations contained in paragraph 338 of Plaintiff's Amended Complaint are denied.

339.    The allegations contained in paragraph 339 of Plaintiff's Amended Complaint are denied.

340.    The allegations contained in paragraph 340 of Plaintiff's Amended Complaint are denied.

341.    The allegations contained in paragraph 341 of Plaintiff's Amended Complaint are denied.

342.    The allegations contained in paragraph 342 of Plaintiff's Amended Complaint are denied.

## THIRTEENTH CLAIM FOR RELIEF
### (Alleged Violation of Anti-Trust Laws)

343.    Defendants incorporate by reference their Answers to paragraphs 1–342 of

Plaintiff's Complaint as if fully set forth herein.

344.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

345.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

346.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

347.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

348.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

349.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

350.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

46

351.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

352.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

353.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

354.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

355.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

## FOURTEENTH CLAIM FOR RELIEF
### (Alleged Defamation (Slander Per Quod))

356.    Defendants incorporate by reference their Answers to paragraphs 1–355 of Plaintiff's Amended Complaint as if fully set forth herein.

357.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

47

358. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

359. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

360. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

361. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

362. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

363. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

364. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

365. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in

part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

366. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

367. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

368. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

369. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

370. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

371. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

372. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the

allegations relating to this cause of action, which has been dismissed.

373.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

374.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

**FIFTEENTH CLAIM FOR RELIEF**
**(Alleged Defamation (Slander Per Se))**

375.     Defendants incorporate by reference their Answers to paragraphs 1–374 of Plaintiff's Amended Complaint as if fully set forth herein.

376.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

377.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

378.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

379.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the

allegations relating to this cause of action, which has been dismissed.

380.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

381.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

382.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

383.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

384.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

## SIXTEENTH CLAIM FOR RELIEF
### (Alleged Defamation (Libel Per Se))

385.    Defendants incorporate by reference their Answers to paragraphs 1–384 of Plaintiff's Amended Complaint as if fully set forth herein.

386.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the

allegations relating to this cause of action, which has been dismissed.

387.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

388.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

389.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

390.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

391.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

392.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

393.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

394.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

395.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

396.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

397.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

398.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

## SEVENTEENTH CLAIM FOR RELIEF
### (Alleged Defamation (Libel Per Quod))

399.    Defendants incorporate by reference their Answers to paragraphs 1–398 of Plaintiff's Amended Complaint as if fully set forth herein.

400.    Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

53

401. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

402. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

403. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

404. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

405. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

406. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

407. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

408. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in

part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

409.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

410.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

## EIGHTEENTH CLAIM FOR RELIEF
### (Alleged Equitable Estoppel, Quasi-Estoppel, Mend the Hold)

411.     Defendants incorporate by reference their Answers to paragraphs 1–410 of Plaintiff's Amended Complaint as if fully set forth herein.

412.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

## NINETEENTH CLAIM FOR RELIEF
### (Alleged Declaratory Judgment)

413.     Defendants incorporate by reference their Answers to paragraphs 1–412 of Plaintiff's Amended Complaint as if fully set forth herein.

414.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

415.     Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in

part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

416. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

417. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

418. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

## TWENTIETH CLAIM FOR RELIEF
### (Alleged Injunctive Relief)

419. Defendants incorporate by reference their Answers to paragraphs 1–418 of Plaintiff's Amended Complaint as if fully set forth herein.

420. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

421. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

422. Pursuant to the Court's Order dated September 8, 2020 (DE-33) granting in

56

part Defendants' Motion to Dismiss, Defendants are not required to respond to the allegations relating to this cause of action, which has been dismissed.

## PRAYER FOR RELIEF

Defendants deny the allegations following the "WHEREFORE" clause at the end of Plaintiff's Amended Complaint. Defendants acknowledge that Plaintiff has requested a jury trial.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to comply with any statutory prerequisites, Plaintiff's claims in this action are barred.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they exceed the scope of or are inconsistent with the charges of discrimination he filed with the EEOC.

## FOURTH AFFIRMATIVE DEFENSE

Any and all actions taken with regard to Plaintiff's employment relationship with Defendants were based solely upon legitimate, non-discriminatory, non-retaliatory reasons, were justified and were not contrary to any public policy or unlawful.

## FIFTH AFFIRMATIVE DEFENSE

The business and employment practices of Defendants are now, and were at all relevant times, conducted in accordance with any and all applicable local, state and federal

laws and regulations.

## SIXTH AFFIRMATIVE DEFENSE

To the extent any improper, illegal, or discriminatory act was taken by any Defendant employee against Plaintiff, which Defendants deny, it was outside the course and scope of that employee's employment, contrary to Defendants' policies, and was not ratified, confirmed, or approved by Defendants. Thus, any such actions cannot be attributed or imputed to Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they are beyond the time period of any applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has and continues to have the ability to mitigate any alleged damages and to the extent mitigation has not occurred, Defendants plead failure to mitigate as a full or partial bar to Plaintiff's recovery.

## TENTH AFFIRMATIVE DEFENSE

To the extent it may be found that Plaintiff was subjected to any of the conduct alleged in the Complaint, which Defendants deny, Plaintiff's potential remedies are limited, in whole or in part, to the extent there is any after-acquired evidence of wrong-doing by Plaintiff.

58

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent it may be found that Plaintiff was subjected to any of the conduct alleged in the Complaint, which Defendants deny, such conduct was contrary to Defendants' good faith efforts to comply with the federal anti-discrimination laws. Consequently, any claims of Plaintiff for punitive damages are barred.

## TWELFTH AFFIRMATIVE DEFENSE

Even if Plaintiff was to prove that a discriminatory factor motivated the alleged actions, which Defendants deny, Defendants would have taken the same action in the absence of such motivation.

Defendants hereby reserves the right to assert, and do not waive, any additional or further defenses as may be revealed by additional information acquired during discovery or otherwise and reserve the right to amend this Answer to assert any such defenses.

**WHEREFORE**, Defendants pray to the Court that:

1.      Plaintiff have and recover nothing of Defendants;

2.      Plaintiff's Amended Complaint be dismissed in its entirety with prejudice;

3.      Judgment be entered in favor of Defendants as to Plaintiff's claims against Defendants in this action;

4.      Defendants recover their costs in defending this action, including, but not limited to, attorneys' fees as allowed by law; and

5.      The Court grant Defendants such other and further relief as the Court may deem just and proper.

This 22nd day of September, 2020.

/s/ Stacy K. Wood
Stacy K. Wood, N.C. Bar No. 21768
stacywood@parkerpoe.com
Tory Ian Summey N.C. Bar No. 46437
torysummey@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 335-9844
Facsimile: (704) 334-4706

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing "***Defendants' Answer to Plaintiff's Amended Complaint***" was electronically filed with the Clerk of Court using the CM/ECF system and served upon counsel for Plaintiff via the Court's electronic case filing system.

This 22nd day of September, 2020.

/s/ Stacy K. Wood
Stacy K. Wood, N.C. Bar No. 21768
stacywood@parkerpoe.com
Tory Ian Summey N.C. Bar No. 46437
torysummey@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 335-9844
Facsimile: (704) 334-4706

*Attorneys for Defendants*